IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-80,099-01




EX PARTE KEMOS MARQUE BARNABY, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 09-04-04192-CR
                     IN THE 221ST DISTRICT COURT FROM MONTGOMERY COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty and was convicted
of two counts of possession of a controlled substance and sentenced to fifty years’ imprisonment in
each count. He did not appeal his conviction.
            Applicant contends that his due process rights were violated because a forensic scientist did
not follow accepted standards when analyzing evidence in his case. This case is one of many cases
affected by a forensic scientist who was found to have not follow accepted standards when analyzing
evidence. This Court addressed these cases in a recent published opinion. Ex parte Coty, 418
S.W.3d 597 (Tex. Crim. App. 2014). In Coty, this Court established a two-prong test to determine
whether a due process violation occurred in a case handled by a forensic scientist who has been
found to have committed misconduct in a different case. Applicant has the burden to show that the
evidence utilized in his case was false, although there can be an inference of falsity in cases such as
these, and that the false evidence was material. Applicant pleaded guilty in this cause. The State
concedes that Applicant has met his burden to infer falsity in this case. The issue at hand is whether
the false evidence was material to Applicant’s guilty plea and conviction. 
            We order that this application be filed and set for submission to determine how materiality
should be analyzed in a guilty plea situation. The parties shall brief these issues. Oral argument is
permitted.
            It appears that Applicant is represented by counsel. Applicant’s brief shall be filed with this
Court within 30 days of the date of this order. The State’s response shall be filed within 30 days after
the filing of Applicant’s brief. 
 
Filed:  June 18, 2014
Do not publish